FILED

2013 MAR 20 PM 1:45

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY BRYANT BOWMAN,<br><br>       Petitioner,<br><br>   v.<br><br>UNKNOWN,<br><br>       Respondent. | Civil No. 13-0548 WQH (RBB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

  Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

### FAILURE TO SATISFY FILING FEE REQUIREMENT

  Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. See Rule 3(a), 28 U.S.C. foll. § 2254.

### FAILURE TO NAME PROPER RESPONDENT

  Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

//

-1-

1       The warden is the typical respondent. However, "the rules following section 2254 do not
2 specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the
3 institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal
4 institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a
5 petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall
6 be the state officer who has official custody of the petitioner (for example, the warden of the
7 prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

8       A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of]
9 habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The
10 actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v.
11 Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of
12 habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the
13 body" if directed to do so by the Court. "Both the warden of a California prison and the Director
14 of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d
15 at 895.

16       Here, Petitioner has not named a respondent. In order for this Court to entertain the
17 Petition filed in this action, Petitioner must name the warden in charge of the state correctional
18 facility in which Petitioner is presently confined or the Director of the California Department of
19 Corrections. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

## CONCLUSION AND ORDER

Accordingly, the Court **DISMISSES** the Petition without prejudice and with leave to amend due to Petitioner's failure to satisfy the filing fee requirement and for his failure to name a proper respondent. To have this case reopened, Petitioner must submit the $5.00 fee or adequate proof of his inability to pay the fee AND a First Amended Petition which cures the pleading deficiencies noted above **no later than May 21, 2013**. *The Clerk of Court is directed to send Petitioner a blank Southern District of California In Forma Pauperis Application and a blank First Amended Petition form along with a copy of this Order.*

IT IS SO ORDERED.

DATED: 3/29/13

William Q. Hayes
United States District Judge